UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 5:15-cr-52-TPB-PRL

ALAN KENNETH THOMPSON, JR.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Alan Kenneth Thompson, Jr.'s motion for compassionate release, filed *pro se* on February 20, 2024. (Doc. 67). On March 7, 2024, the Government filed its response. (Doc. 70). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On May 25, 2016, the Court sentenced Defendant to 136 months' imprisonment, followed by 10 years' supervised release, after he pleaded guilty to distribution of child pornography.[1] Defendant has collected 4,348 images and 20 videos of child pornography, including images depicting prepubescent children and sadistic content.[2] Defendant, who is now 41 years old, is currently incarcerated at the Federal Medical Facility at Butner, North Carolina, and he is projected to be

---

[1] Although Defendant's guideline was offense level 43, criminal history category II, with an advisory range of 168 to 210 months' imprisonment, the Court granted the United States' motion to recognize Defendant's assistance after he permitted agents to assume his online identity. This resulted in a downward departure of 3 levels.

[2] He had also created thousands of images of child erotica – non-pornographic images that Defendant admitted were "inappropriate" that he had taken of young girls without their knowledge, including 3,000 images of a neighbor. Defendant's apparent grooming of the child for future abuse caused her and her parents considerable distress.

released on May 7, 2025.

In his motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison. Specifically, Defendant relies on family circumstances, including his inability to visit with his son, the deaths of his paternal half-sister and mother-in-law, and his mother's and grandmother's illnesses. He also claims that his criminal history was inaccurately calculated, and he is entitled to a lesser sentence. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because he has not demonstrated any extraordinary and compelling reason warranting a modification of his sentence.[3] As

---

[3] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant

an initial matter, Defendant has not exhausted his administrative remedies as to his claims related to family circumstances.  In his attached request to the warden, he sought release based on two years of lockdown, lack of visitation from his family, statutory ineligibility for additional time credits under the First Step Act, "actual innocence," and alleged miscalculation of his sentencing guidelines range.  He did not seek compassionate release based on the family circumstances now asserted.  He asks the Court to consider his prior unsuccessful attempts to challenge his conviction and sentence and his claim of actual innocence as a substitute for exhaustion.  The Court declines to do so.

    Even if the Court were to consider his changed family circumstances, however, the Court would not grant relief.  The claims asserted by Defendant do not satisfy the criteria of Section 1B1.13(b).  For instance, although he claims that his mother is suffering from cancer and is the caregiver for his grandmother with health conditions, he does not claim that his mother is incapacitated or that he is the only available caregiver for either his mother or his grandmother.  None of the other circumstances alleged, including ineligibility for additional time credits under the First Step Act, are extraordinary.  And although Defendant alleges that he is entitled to a "lesser sentence" due to some claimed error in the calculation of his criminal history category, he does not claim that his sentence was "unusually long,"

---

is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

and he has not served "at least ten years."[4] Likewise, his rehabilitation argument is unavailing because a defendant's rehabilitation is not, by itself, an extraordinary and compelling reason that may justify a sentence reduction.

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable Section 3553(a) factors weigh against granting compassionate release in this case.[5] Defendant was convicted of a serious offense involving the distribution of child pornography, and his massive collection included images of the rapes of very young children and depicted other sadistic sexual conduct. His protests that he distributed "mere child pornography" and that he was wrongfully convicted of "otherwise innocent conduct" suggest that he does not view his offense as harmful or serious. It is in fact a very serious offense.

To be frank, despite the serious nature of the charges, Defendant received a relatively lenient sentence based on his ability and willingness to permit agents to assume his online identity. Given the seriousness of Defendant's crime, denying the

---

[4] The Court does not address the constitutionality of Section 1B1.13(b)(6) because Defendant's arguments are facially insufficient. In addition, the Court notes that in his arguments concerning the length of his sentence, he relies on a non-retroactive guidelines provision addressing prior convictions for marijuana possession that is not applicable in this child pornography case.

[5] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes her ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in her physical or mental health, and she has served at least 10 years or 75% of her prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

motion promotes respect for the law, affords adequate deterrence, and continues to provide just punishment for the offense.

Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Ocala, Florida, this 15th day of March, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**